UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                          )
**NEW ENGLAND PATRIOTS FANS,**     )
                                          )
       **Plaintiffs,**                    )
                                          )      **Civil Action No.**
       **v.**                       )      **16-10659-FDS**
                                          )
**NATIONAL FOOTBALL LEAGUE; ROGER** )
**GOODELL, Commissioner, in his official and** )
**individual capacities; and ROBERT KRAFT,** )
                                          )
       **Defendants.**               )
_____)

## MEMORANDUM AND ORDER ON PLAINTIFFS' EXPEDITED MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

**SAYLOR, J.**

This is an action purportedly arising out of the National Football League's handling of the "Deflategate" matter involving the New England Patriots professional football team and its quarterback, Tom Brady. The complaint was filed on behalf of seven plaintiffs who refer to themselves collectively as "New England Patriots Fans." The named defendants are the National Football League, NFL Commissioner Roger Goodell, and Patriots owner Robert Kraft.

Borrowing liberally from an article published in Sports Illustrated, the complaint recounts the NFL's investigation of the Patriots and Brady for allegedly deflating footballs used in a 2015 playoff game against the Indianapolis Colts. The NFL penalized the Patriots with a $1,000,000 fine and the loss of two draft picks—a first-round pick in the 2016 NFL draft and a fourth-round pick in 2017. The Patriots did not formally challenge those penalties.

The complaint alleges that the seven individual plaintiffs are fans of the team. One alleges that he is a season ticket holder, and another alleges that he resides in Florida and "pays a

considerable amount of money to watch the Patriots from Florida on NFL Sunday Ticket." (Compl. ¶¶ 7, 9).

On April 5, 2016, plaintiffs filed an "expedited" complaint asserting eight causes of action: (1) unfair competition in violation of the Massachusetts Consumer Protection Act, Mass. Gen. Laws ch. 93A; (2) breach of contract; (3) tortious interference with contractual relations; (4) fraud; (5) negligence; (6) intentional infliction of emotional distress; (7) negligent infliction of emotional distress; and (8) violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961.  It alleges federal question jurisdiction based on the RICO claim.

Along with the complaint, plaintiffs filed a motion pursuant to Fed. R. Civ. P. 65 requesting a temporary restraining order and preliminary injunction that would essentially require the NFL to restore the Patriots' first-round draft choice in the upcoming draft on April 28, 2016.  Plaintiffs also seek an expedited hearing on that motion.

In order to obtain a preliminary injunction or temporary restraining order, the moving party must establish (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm if the injunction is withheld, (3) a favorable balance of the equities, and (4) that an injunction is in the public interest.  *Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc.*, 645 F.3d 26, 32 (1st Cir. 2011) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008)); *Hunter v. Judson*, 2015 WL 7737332, at *4 (D. Mass. Dec. 1, 2015).  The first of those factors, a reasonable likelihood of success on the merits, is the most important.  *See Coquico, Inc. v. Rodriguez-Miranda*, 562 F.3d 62, 66 (1st Cir. 2009) (likelihood of success on the merits "normally weighs heaviest on the decisional scales").

After reviewing the complaint, it appears highly unlikely that plaintiffs will succeed on the merits of any of their claims.  A finding that a claim has a reasonable likelihood of success

requires, among other things, that the complaint set forth a "plausible" claim for relief.  *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  A claim is plausible on its face if it raises a right to relief beyond a speculative level by pleading sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.

The complaint here does not appear to satisfy that standard, and accordingly plaintiffs are not likely to establish a reasonable likelihood of success on the merits.  Among other deficiencies, plaintiffs are not likely to succeed in establishing that they have standing to assert the claims in the complaint; that they were parties to any relevant contract, express or implied; that the defendants owed them any relevant duty of care; or that there is any legally cognizable injury for which the law will provide relief.  Accordingly, plaintiffs' motion will be denied.

The Court is denying plaintiffs' motion without the benefit of an evidentiary hearing or an opposition brief.  However, the federal courts are courts of limited resources, funded by the taxpayers, and it would not be a prudent expenditure of those resources to permit the motion to progress to the hearing stage.  *See Rosario-Urdaz v. Rivera-Hernandez*, 350 F.3d 219, 223 (1st Cir. 2003) (no evidentiary hearing necessary where "answer to likelihood-of-success inquiry is readily apparent") (citing *Aoude v. Mobil Oil Corp.*, 862 F.2d 890, 893-94 (1st Cir. 1988)).

For the foregoing reasons, plaintiffs' motion for a temporary restraining order and preliminary injunction is DENIED.

**So Ordered.**

Dated:  April 8, 2016

/s/ F. Dennis Saylor  
F. Dennis Saylor IV  
United States District Judge