## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____
                         )
**NEW ENGLAND PATRIOTS FANS,**     )
                         )
      **Plaintiffs,**         )
                         )       **Civil Action No.**
      **v.**            )       **16-10659-FDS**
                         )
**NATIONAL FOOTBALL LEAGUE; ROGER** )
**GOODELL, Commissioner, in his official and** )
**individual capacities; and ROBERT KRAFT,** )
                         )
      **Defendants.**      )
_____)

## MEMORANDUM AND ORDER ON DEFENDANTS' MOTIONS TO DISMISS AND PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE COMPLAINT

**SAYLOR, J.**

      This is an action purportedly arising out of the National Football League's handling of the "Deflategate" matter involving the New England Patriots professional football team and its quarterback, Tom Brady, in which the NFL penalized the Patriots with a fine and the loss of two draft picks. The complaint was filed on behalf of plaintiffs who refer to themselves collectively as "New England Patriots Fans." The named defendants are the National Football League, NFL Commissioner Roger Goodell, and Patriots owner Robert Kraft.

      The complaint asserts multiple causes of action based on the conduct of the NFL and Goodell and Kraft's alleged failure to challenge the penalties imposed. The NFL and Goodell have moved to dismiss the complaint on the grounds that the Court lacks subject-matter jurisdiction; that the plaintiffs lack standing; and that the complaint otherwise fails to state a claim upon which relief can be granted. Defendant Kraft has filed a separate motion to dismiss

for the same reasons.  After filing an opposition to defendants' motions, plaintiffs have now moved for leave to amend the complaint.  For the following reasons, plaintiffs' motion for leave to amend the complaint will be denied, and defendants' motions to dismiss will be granted.

## I.   <u>Factual Background</u>

The complaint names seven individual plaintiffs who identify themselves as fans of the New England Patriots professional football team.[1]  The plaintiffs allege that they are citizens of Connecticut, Massachusetts, New Jersey, and Florida.  (Compl. ¶¶ 7-13).

Defendant National Football League is a professional football league with a principal place of business in New York.  (*Id.* ¶ 14).  Defendant Roger Goodell is the Commissioner of the NFL and resides in New York.  (*Id.* ¶ 15).  Defendant Robert Kraft is the owner of the New England Patriots and resides in Massachusetts.  (*Id.* ¶ 16).

The bulk of the complaint details the NFL's investigation of the Patriots and Brady for allegedly deflating footballs used in a 2015 playoff game against the Indianapolis Colts.  (Compl. ¶¶ 18-45).  Following the investigation, the NFL penalized the Patriots with a $1,000,000 fine and the loss of two draft picks—a first-round pick in the 2016 NFL draft and a fourth-round pick in 2017.  The Patriots franchise did not formally challenge those penalties.

The complaint asserts that as a result of defendants' conduct, plaintiffs have been "deprived of their team's first round draft choice."  (*Id.* ¶ 47).  All plaintiffs assert that they have faced "embarrassment, ridicule and depression."  (*Id.* ¶ 79).  One plaintiff further asserts that he is a season-ticket holder, and that his seven-year-old daughter "will no longer go to games with him because she thinks the games are fixed by the NFL," leaving him "devastated."  (*Id.* ¶ 7).  No other individual plaintiff asserts any specific additional injury.

---

[1] Original plaintiffs Michael DiMauro and Feihua Chang were removed from the case at their request on April 14, 2016.

II.     **Procedural History**

On April 5, 2016, plaintiffs filed an "expedited" complaint asserting eight causes of action:  (1) unfair competition in violation of the Massachusetts Consumer Protection Act, Mass. Gen. Laws ch. 93A; (2) breach of contract; (3) tortious interference with contractual relations; (4) fraud; (5) negligence; (6) intentional infliction of emotional distress; (7) negligent infliction of emotional distress; and (8) violation of the federal Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq*.  The complaint alleges federal-question jurisdiction based on the RICO claim.

Along with the complaint, plaintiffs filed a motion pursuant to Fed. R. Civ. P. 65 requesting a temporary restraining order and preliminary injunction that would have required the NFL to restore the Patriots' first-round draft choice in the NFL draft held April 28, 2016. The Court denied that motion on April 8, 2016.

Defendants moved to dismiss the claim under Fed. R. Civ. P. 12(b)(1) on the grounds that the Court lacks subject-matter jurisdiction and the plaintiffs lack standing, and under Fed. R. Civ. P. 12(b)(6) on the ground that the complaint fails to state a claim for which relief can be granted. After responding to those motions, plaintiffs moved for leave to amend the complaint.

III.    **Legal Standard**

On a motion to dismiss, the Court "must assume the truth of all well-plead[ed] facts and give . . . plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)).  To survive a motion to dismiss, the complaint must state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the

allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556). Dismissal is appropriate if the complaint fails to set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Gagliardi v. Sullivan*, 513 F.3d 301, 305 (1st Cir. 2008) (quoting *Centro Medico del Turabo, Inc. v. Feliciano de Melecio*, 406 F.3d 1, 6 (1st Cir. 2005)).

## IV. <u>Subject-Matter Jurisdiction</u>

"When faced with motions to dismiss under both 12(b)(1) and 12(b)(6), a district court, absent good reason to do otherwise, should ordinarily decide the 12(b)(1) motion first." *Northeast Erectors Ass'n of BTEA v. Secretary of Labor, Occupational Safety & Health Admin.*, 62 F.3d 37, 39 (1st Cir. 1995). The complaint alleges that subject-matter jurisdiction exists under both 28 U.S.C. § 1331, which grants federal courts jurisdiction over civil actions arising under federal laws, and 28 U.S.C. § 1332, which allows for jurisdiction over certain actions in which the parties are citizens of different states and the amount in controversy exceeds $75,000.[2]

Where a party seeks to invoke the jurisdiction of a federal district court under 28 U.S.C. § 1332, the parties must be completely diverse. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Complete diversity does not exist where any plaintiff is a citizen of the same state as any defendant. *See id.* Here, the complaint alleges that two plaintiffs (David Vacarro and Fairuz Zein) and one defendant (Robert Kraft) are citizens of Massachusetts. Thus, it is clear that

---

[2] The complaint also asserts jurisdiction based on the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02. It is well-established that the DJA may not serve as a basis for subject-matter jurisdiction where it would otherwise not exist. *See Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for S. California*, 463 U.S. 1, 16 (1983).

jurisdiction does not exist under § 1332.

A district court's original jurisdiction also includes claims that arise "under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Generally speaking, federal question jurisdiction arises only if a federal claim appears "within the four corners of the complaint."  *BIW Deceived v. Local S6, Industrial Union of Marine & Shipbuilding Workers of Am.*, 132 F.3d 824, 831 (1st Cir. 1997); *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (whether a claim "arises under" federal law generally depends on an evaluation of the "well-pleaded complaint.").  However, notwithstanding a complaint's attempt to assert a federal cause of action, dismissal for a lack of a jurisdiction may be appropriate where the purported federal claim "is wholly insubstantial and frivolous."  *Bell v. Hood*, 327 U.S. 678, 682-83 (1946).

Count Eight of the complaint (and the amended complaint) purports to assert a claim for violation of the Racketeer Influenced and Corrupt Organization statute, 18 U.S.C. § 1961 *et seq*. The RICO statute makes it unlawful, among other things, for a person employed by or associated with a racketeering enterprise "to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity," or to conspire to do so.  18 U.S.C. §§ 1962(c), (d).  A "racketeering activity" means any one of a series of enumerated state-law offenses (such as murder, kidnapping, gambling, arson, robbery, bribery, extortion, or drug dealing) and federal offenses (such as mail fraud, wire fraud, or money laundering).  *Id.* § 1961(1).  A "pattern of racketeering activity" essentially requires at least two predicate acts of racketeering activity within a ten-year period.  *Id.* § 1961(5).  The statute provides a civil cause of action to "[a]ny person injured in his business or property by reason of a violation of section 1962."  *Id.* § 1964(c); *see Lincoln House, Inc. v. Dupre*, 903 F.2d 845, 846 (1st Cir. 1990).

The complaint alleges a purported racketeering enterprise consisting of the NFL,

Goodell, and Kraft.  (Compl. ¶ 92).  The purported predicate acts of racketeering activity are described as follows:

> Defendants, by the above described acts, committed predicate acts through the use of the mails or interstate wires in furthering their fraudulent inducement of consumers of the Patriots to purchase tickets, cable and NFL Sunday Ticket by concealing their intent to violate the explicitly and implied rules and laws. Furthermore, Defendants concealed and omitted to disclose their conspiracy to fraudulently, falsely and recklessly accuse the Patriots and their fans, or allow for this, of cheating and other violative behavior expressed above and in the Brief.

(*Id.* ¶ 93) (mistakes in original).  The amended complaint adds an allegation that:

> The other racketeering and fraudulent activities the NFL has been privy to on an ongoing and prevalent basis . . . are the cover-up and denial of decades of the serious concussion (CTE) and head trauma of its players, as well as the rampant unlawful levels of prescription pain medication abuse, pedaling by teams to their players, reportedly by every team in the League.

(Am. Compl. ¶ 86) (mistakes in original).

Neither the complaint nor the amended complaint include any specific allegation of an injury to business or property arising out of the alleged racketeering activity.  *See Allum v. BankAmerica Corp.*, 156 F.3d 1235 (9th Cir. 1998) (holding that emotional distress is not an injury to "business or property" under RICO).

"Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'"  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (quoting *Oneida Indian Nation of N.Y. v. County of Oneida*, 441 U.S. 661, 666 (1964)).  Although it is certainly open to question under the circumstances, given the insubstantiality of the allegations, the court nonetheless appears to have federal-question jurisdiction within the meaning of § 1331.

V.     **Standing**

Standing is a threshold question in every case; "[i]f a party lacks standing to bring a matter before the court, the court lacks jurisdiction to decide the merits of the underlying case." *United States v. AVX Corp.*, 962 F.2d 108, 113 (1st Cir. 1992).  To satisfy the case-or-controversy requirement of Article III of the United States Constitution, plaintiffs bear the burden of establishing that they (1) have suffered an "injury-in-fact," (2) that the injury is "'fairly traceable' to the actions of the defendant[s]," and (3) that the injury will likely be redressed by a favorable decision.  *Bennett v. Spear*, 520 U.S. 154, 162 (1997) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).  An "injury-in-fact" "is defined as 'an invasion of a legally protected interest which is (a) concrete and particularized; (b) actual or imminent, not conjectural or hypothetical.'"  *Katz v. Pershing, LLC*, 672 F.3d 64, 71 (1st Cir. 2012) (quoting *Lujan*, 504 U.S. at 560).

Again, substantial doubt exists as to whether plaintiffs have adequately alleged a concrete and particularized invasion of a legally protected interest.  *See id.*  The Court does not need to reach that issue, however, as the claim will be dismissed on other grounds.

VI.    **Failure to State a Claim**

Even assuming the existence of standing, plaintiffs have failed to state a plausible claim for violation of the RICO statute.  As noted above, the complaint fails to allege at least two predicate acts of racketeering, an injury to business or property, or a causal relationship between any racketeering acts and any injury.  Furthermore, to the extent that either version of the complaint purports to allege fraud, it fails to do so with particularity as required by Fed. R. Civ. P. 9(b).  Count Eight of the original complaint will therefore be dismissed for failure to state a claim upon which relief can be granted.

## VII.  __Motion to Amend__

As noted, plaintiffs have moved to amend the complaint pursuant to Fed. R. Civ. P. 15 to add certain additional allegations.  Rule 15 provides that a party may amend its pleading only under certain circumstances.  If the pleading is one to which a responsive pleading is required, a party may amend its pleading as a matter of course within 21 days of the service of the responsive pleading or service of a motion under Fed. R. Civ. P. 12, whichever is earlier.  Fed. R. Civ. P. 15(1)(B).  After that time, "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  In determining whether to grant a motion to amend, the Court must "examine the totality of the circumstances and [ ] exercise its informed discretion in constructing a balance of pertinent considerations."  *Palmer v. Champion Mortg.*, 465 F.3d 24, 30-31 (1st Cir. 2006) (citing *Quaker State Oil Ref. Corp. v. Garrity Oil Co.*, 884 F.2d 1510, 1517 (1st Cir. 1989)).

However, leave to amend may be denied for several reasons, including, among other things, "futility of amendment."  *U.S. ex rel. Gagne v. City of Worcester*, 565 F.3d 40, 48 (1st Cir. 2009).  When considering whether amendment of the complaint would be futile, the Court must apply the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

As set forth above, the complaint fails to state a claim as to the only federal claim.  The motion to amend seeks to add certain additional allegations (such as the allegations concerning concussions described above).  Nothing in the proposed amended complaint, however, would produce a different result as to the RICO claim.  The motion to amend will therefore be denied on the ground of futility.

**VIII.** **Exercise of Supplemental Jurisdiction**

If a "district court has dismissed all claims over which it has original jurisdiction," it "may decline to exercise supplemental jurisdiction" over any state-law claims.  28 U.S.C. § 1367.  "It has consistently been recognized that [supplemental] jurisdiction is a doctrine of discretion, not of plaintiff's right."  *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).  Accordingly, because plaintiffs' sole federal claim will be dismissed, and because this case is in the very early stages, the Court will decline to exercise its supplemental jurisdiction over the remaining state-law claims.

**IX.** **Conclusion**

For the foregoing reasons, plaintiffs' motion for leave to amend the complaint is DENIED.  Count Eight, which purports to state a claim for violation of the Racketeer Influenced and Corrupt Organization statute, 18 U.S.C. § 1961 *et seq.*, is DISMISSED pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.  The Court declines to exercise its supplemental jurisdiction over any remaining claims under state law, and accordingly those claims, and the complaint, are DISMISSED.

**So Ordered.**

/s/  F. Dennis Saylor
F. Dennis Saylor IV

Dated:  June 10, 2016                    United States District Judge